RUffin; j.
This is an action for slanderous words, iñ &hich a verdict Was rindered for the Plaintiff, subject to the opinion of the CiJurt, upon the point, Whether the words are actionable or not ? The words are, that “ Plaintiff had sworn to d lie in obtaining a warrant from M. Harvey, Esq. respecting a deer.” And the warrant alluded to by the Defendant, is set forth in the case.; Many decisions show, that there is a difference, between a charge of perjury, and that of being forsworn. The latter imputation is not* of itself, sufficient to support the action; because it does not necessarily imply that the oath wás taken before a competent authority in a judicial proceeding;—-without which circumstances, no perjury, technically speaking, can be committed. And nothing short of “ words containing an express imputation of some crime liable to punishment, some capital offence or other infamous crime or misdemeanor,” Will lay the foundation of an action for slander.* But if the charge of . i • ° being forsworn is made inrefererifce to sortie judicial pro-seeding,—as to say, that One has sworn to a lie or for-' sworn himself in such a suit,—-then an action may be sustained. But that will depend, again, upon the circumstance Of the suit in which the oath is alleged to havé been taken ; being or not being ©ne in whicl) the Plaintiff might, by swearing falsely, commit perjury.' For, by f-eference to the suit, that is made part of the charge; and the whole is to be taken together.—And if it appear that the Plaintiff could not commit ‘ perjury, then there is no slander. It is like the common case stated iri the books, where one says of another, that “he is a thief and stole my growing timberBecause no larceny could be committed of growing timber, the words aré not actionable. If, in the case before Us, the Justice of the Peace clearly had no jurisdiction of the case and there was no df~ fence charged against the defendants in the warrant, the Plaintiff, then a witness, could not be guilty of perjury. By ho force of construction can the charges contained in *204 that warrant, amount to any crime• Í do not speak of the form of the praeept, but allow the utmost latitude as to the facts. Suppose one was to obtain, on oath, a warrant against another, for—that he tode peaceably along the public highway on his own business—ahd the oath should be false,'that would not be perjury, because there is no crime chargedand nothing to try; and the bath of the witness, true or false, could operate nothing; because, admit the whole, still the Defendant must be acquitted. So it is here. The oath was both immaterial and coram non ju~ dice. ‘ ■
Wherefore, there must be a nónáúlt;
Taylor, C. J; SfeAtrELL, Ji Daniel, J. and Lowrie, J."concurred. Hall, J. dissented*

3 Wils. Rep. 186 Onsiow v. Horne.